UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **SEVERN PEANUT CO., INC., ET AL.** | § § § | |
| **Plaintiff,** | § § § | **CIVIL ACTION NO.** |
| | § § | **7:12-MC-00004-HL (MDGA)** |
| **INDUSTRIAL FUMIGANT CO., ET AL.** | § § § | |
| **Defendant,** | § § | |
| **TIFTON QUALITY PEANUTS, LLC,** | § § § | |
| **Movant.** | § § | |

**AMENDED CONFIDENTIALITY ORDER**

On November 20, 2012, this Court ordered the Movant, Tifton Quality Peanuts, LLC (TQP), to provide documents and electronically stored information (ESI) responsive to requests 2, 8, 9, 10, 11, 17, 18, 28, 29, 30, and 31 of Defendants' amended subpoena. All ESI and documents produced by TQP are subject to this Confidentiality Order.

1.  **Scope.** The terms and protections of this Confidentiality Order shall apply to all documents and ESI produced by TQP that are responsive to Defendants' subpoena, originally dated August 20, 2012 and amended by letter from Defendants' counsel on September 6, 2012.

2.  **Designation as Confidential.** Counsel for Defendants shall, prior to disclosure, designate all documents and ESI produced by TQP as confidential by placing or affixing the word "CONFIDENTIAL" on the materials produced. If documents and ESI produced by TQP are disclosed without being previously designated as CONFIDENTIAL, such disclosure shall not waive or forfeit the confidentiality protections afforded to such materials, and counsel for

Defendants shall promptly notify the person to whom the document or ESI was disclosed of the confidential nature of such and shall mark the document or ESI as CONFIDENTIAL. All copies, duplicates, extracts, summaries, and descriptions of documents or ESI produced by TQP shall also be marked CONFIDENTIAL and shall be subject to the terms of this Confidentiality Order.

3. **Disclosure.**

    a. **Purpose.** All documents and ESI produced by TQP shall be used exclusively for purposes of preparing for and conducting litigation in the underlying case between the parties, and shall not be used for any other purpose.

    b. **Persons to Whom Disclosure May be Made.** Documents and ESI produced by TQP may be disclosed to counsel for the parties and counsels' employees. Parties' counsel may disclose TQP's documents and ESI to the following persons:

        (i) Employees of the parties, if counsel believes that the assistance of the employee is necessary to prepare for and conduct litigation;

        (ii) Court reporters engaged for depositions;

        (iii) Experts and investigators engaged or employed by counsel to the parties for purposes of preparing for and litigating the underlying matter; and

        (iv) Any other person upon the written consent of TQP.

    c. **Execution of Certificate.** Before disclosing documents or ESI produced by TQP to any person, counsel wishing to disclose the documents or ESI shall: (i) inform the person who is to receive the ESI or documents that such are subject to the terms and protections of this Confidentiality Order; (ii) provide the person a copy of this Confidentiality Order; and (iii)

require such person to complete and execute a certificate substantially similar to the form attached hereto as Attachment A.

4. **Record of Disclosures.** Parties' counsel shall keep a record of all persons to whom they disclose TQP's documents and ESI or the contents thereof. Such record shall include the name of the person receiving the documents or ESI, the person's title, and the date of disclosure. Records of disclosures shall be made available to TQP upon request.

5. **Further Disclosures.** Persons to whom documents and ESI of TQP are disclosed shall not make any subsequent or further disclosures of TQP's ESI or documents.

6. **Return of Disclosures.** When TQP's documents and ESI are disclosed to any person listed in Section 3(b)(i – iv), such person shall immediately return the materials to disclosing counsel at the time the person is no longer involved in matters relating to the litigation.

7. **Notification of Unauthorized Disclosure.** In the event that documents and ESI produced by TQP are disclosed other than as provided in this Confidentiality Order, who counsel makes or becomes aware of the unauthorized disclosure shall: (i) immediately notify TQP of the unauthorized disclosure; (ii) immediately notify the person receiving documents or ESI of the unauthorized disclosure; and (iii) immediately request that the person receiving ESI or documents immediately return such documents or ESI to counsel which made the unauthorized disclosure.

8. **Return or Destruction of Documents and ESI.** Within thirty (30) days following the conclusion of the litigation between the parties, including any appeal, the documents and ESI produced by TQP shall, at the option of TQP, either be returned to TQP or destroyed by counsel to the parties. Counsel to the parties shall certify to TQP in writing that the documents and ESI

produced by TQP, including all copies, duplicates, extracts, and summaries, have been destroyed or returned, as the case may be.

9.      **Entry as Evidence or Filing with the Court.**  In the event that either party to the underlying litigation intends to file with any court or enter as evidence documents or ESI produced by TQP, then such party shall first notify TQP of its intent to do so and TQP and the party wishing to file documents or ESI shall agree upon measures to be used to protect the confidentiality of TQP's documents and ESI, which may include requesting an in camera inspection, redacting identifiers, or requesting that the documents and ESI be submitted under seal.

SO ORDERED this 29th day of   November          , 2012.

                                                    s/ Hugh Lawson  
                                                   Honorable Hugh Lawson, Judge

# ATTACHMENT A

The undersigned hereby acknowledges and understands that, in connection with the matter *Severn Peanut Co., Inc., et. al. v. Industrial Fumigant Co, et. al.*, he or she is being provided information and materials produced by Tifton Quality Peanuts, LLC, a non-party to the litigation. The undersigned acknowledges and understands that all material produced by Tifton Quality Peanuts, LLC is confidential and is subject to a Confidentiality Order issued by the Federal District Court for the Middle District of Georgia. The undersigned agrees that he or she has been provided a copy of such Confidentiality Order and agrees to be bound by the terms of the Confidentiality Order. The undersigned agrees to submit to the jurisdiction of the United States Court for the Middle District of Georgia for matters relating to the Confidentiality Order.

The undersigned acknowledges and understands that violation of the Confidentiality Order may be grounds for contempt of court.

Name: _____

Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____

H:\DATA\MSWORD\GRR\8306\12005\amended confidentiality order.doc/jb